Liu v. Sessions

BIA
Rohan, IJ
A205 894 814

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of July, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

FENGBAO LIU,
> *Petitioner,*

> v.                                                   16-3209
>                                                       NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Louis H. Klein, The Kasen Law Firm,
                         PLLC, Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Leslie McKay,
                         Senior Litigation Counsel; Margot
                         L. Carter, Trial Attorney, Office
                         of Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fengbao Liu, a native and citizen of the People's Republic of China, seeks review of a September 1, 2016, decision of the BIA affirming a June 9, 2015, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fengbao Liu,* No. A 205 894 814 (B.I.A. Sept. 1, 2016), *aff'g* No. A 205 894 814 (Immig. Ct. N.Y. City June 9, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the

2

circumstances," and may base a credibility finding on inconsistencies or omissions within or between his and his witness's written and oral statements, "without regard to whether" any inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal citation and quotation marks omitted omitted). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Initially, as the Government observes, Liu has both waived and failed to exhaust challenges to the specific inconsistency findings underlying the adverse credibility determination. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (explaining that issue exhaustion is mandatory); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are

3

considered waived and normally will not be addressed on appeal."). These findings, which relate to the dates Liu's wife went into hiding, when his wife's forced abortion occurred, and when his friend was arrested for distributing anti-government leaflets, are supported by the record and stand as appropriate bases for the credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

Moreover, Liu's challenges to the adverse credibility determination fail. First, Liu argues that he testified consistently with his application. But his argument is misplaced because the agency reasonably based the adverse credibility determination on internal inconsistencies in his testimony. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Second, although a discrepancy in dates need not be fatal if "minor and isolated," *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), Liu's date discrepancies were extensive and called into question his familiarity with the timeline of his own claim. Third, Liu now asserts that the inconsistencies are explained by nervousness and his lack of education. In addition to Liu's failure to exhaust these explanations, the IJ would not have been compelled to accept them. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A

4

petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *cf. Yun-Zui Guan*, 432 F.3d at 397 n.6 (finding that applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent the IJ or BIA from relying [o]n statements in such interviews when making adverse credibility determinations").

While Liu also contends that additional corroboration was not reasonably available, the agency did not deny relief for failure to submit corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."). Instead, the agency concluded that Liu's corroborating evidence was insufficient to rehabilitate his credibility or independently satisfy his burden of proof given the lack of detail in the letters he submitted. This was a reasonable determination that Liu does not challenge here. *See Biao Yang v. Gonzales*, 496 F.3d 268,

273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Given the foregoing inconsistency and corroboration findings, we conclude that the adverse credibility determination is supported by the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                 FOR THE COURT:
                                 Catherine O'Hagan Wolfe
                                 Clerk of Court